**Mario Alberto RICHARDS–DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74709.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2006.*

Filed Feb. 28, 2006.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

MEMORANDUM **

Mario Alberto Richards–Diaz petitions for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of his applications for a waiver of deportation under 8 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1182(c), and cancellation of removal under 8 U.S.C. § 1229b. This court has jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and we deny his petition for review.

Even if Richards–Diaz is eligible for a discretionary waiver for his 1996 offense, he is still removable because he is ineligible for a discretionary waiver for his 1997 offense or for cancellation of removal. Richards–Diaz does not qualify for a discretionary waiver for his 1997 offense because he was convicted of being under the influence of methamphetamine after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 440(d) went into effect.[1] Under AEDPA as it existed then, aliens convicted of certain enumerated offenses, including drug-related crimes, were not eligible for discretionary waivers.[2] Therefore, the Immigration Judge properly concluded that Richards–Diaz was ineligible for a discretionary waiver of deportation for his 1997 offense.

The Immigration Judge also properly denied Richards–Diaz's application for cancellation of removal. Section 1229b(b)(1)(C) prohibits cancellation of removal when an alien is convicted of an aggravated felony.[3] Richards–Diaz does not dispute that on February 21, 1996, he was convicted of an aggravated felony, transportation of a controlled substance (methamphetamine). Therefore, cancellation of removal is not available to him.

Because Richards–Diaz is ineligible for either form of relief, we deny his petition for review.

**PETITION DENIED.**

---

1. 8 U.S.C. § 1182(c) (1996), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 304(b), Pub.L. No. 104–208, 110 Stat. 3009–597.

